UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 01-6069-CR-ROETTGER

**NIGHT BOX FILED**

MAY 7 2001

CLARENCE M~~
CLERK, USDC / SDFL / FTL

UNITED STATES OF AMERICA )
)
)
v. )
)
)
RANDY WEAVER, )
)
Defendant. )
_____ )

### GOVERNMENT'S RESPONSE TO STANDING DISCOVERY ORDER

The United States files this response to the Standing Discovery Order issued in this case.

This response is numbered to correspond to that Order.

- A. 1. The government is unaware of any recorded statements made by the defendant.

    2. The government is aware of oral statements made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent that the government intends to use at trial. See attached summary.

    3. The defendant did not testified before the Grand Jury.

    4. The NCIC record of the defendant will be produced upon receipt.

    5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected on a mutually convenient time at the Office of the United States Attorney, 500 East Broward Boulevard, Suite 700 in Fort Lauderdale, Florida. Please call the undersigned to set up a date and time that is convenient to both parties.



       The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial. Such attachments include the following: pleadings from the civil suit filed by the defendant; and the defendant's medical records from MCC-Miami and the Fort Lauderdale federal courthouse.

6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government is unaware of any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady.

D. The government is unaware of any payments, promises of immunity, leniency, or preferential treatment, made to prospective government witnesses, within the scope of Giglio or Napue.

E. The government is unaware of any prior convictions of any alleged co-conspirator, accomplice, or informant who will testify for the government at trial.

F. The defendant was not identified in a show up, photographic or live line-up.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will advise the defendant prior to trial of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

       In addition, the government may introduce under Rule 404(b) evidence underlying the defendant's past criminal activity that have resulted in arrests and/or convictions and which is summarized in the attached court documents.

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

| | |
|---|---|
| J. | The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause. |
| K. | No contraband is involved in this indictment. |
| L. | The government does not know of any vehicle allegedly used in the commission of this offense that is in the possession of the law enforcement. |
| M. | The government is aware of latent fingerprints or palm prints which have been identified by a government expert as those of the defendant. See the attached 1 page report of Nancy Davis. |

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

Time:  Around 11:00 A.M.
Date:   June 28, 2000
Place:  Fort Lauderdale Federal Courthouse

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By:  *[signature]*
DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY
Court No. A5500077
500 East Broward Boulevard, Suite 700
Fort Lauderdale. Florida 33394
Tel: (954) 356-7255
Fax: (954) 356-7336

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was delivered by United States mail this 7th day of May 2001 to Scott Sakin, Esquire, 1411 N. River Drive, Miami, FL 33125

DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY