UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 01-6069-CR-ROETTGER

UNITED STATES OF AMERICA,

vs.

RANDY ANTHONY WEAVER,

Defendant.
_____/

## DETENTION ORDER

Pursuant to Title 18 U.S.C. § 3142(f), on May 8, 2001, a hearing was held to determine whether the defendant, **Randy Anthony Weaver**, should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions of release will reasonably ensure either the appearance of this defendant as required or the safety of any other person and the community. Therefore, it is hereby ordered that the defendant, **Randy Anthony Weaver**, be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

1. Defendant is charged with assaulting a Deputy United States Marshal, in violation of 18 U.S.C. § 111(a)(1). Therefore, Defendant is charged with a crime of violence. 18 U.S.C. § 3142(g)(1).



2.     The Court received credible evidence that Defendant committed the offense with which he has been charged.    According to the Government, on June 28, 2000, following a court proceeding, Defendant struck Deputy United States Marshal Michael Gloctzner as he attempted to place a handcuff on Defendant's wrist. The deputy deflected Defendant's punch and, along with another deputy, managed to restrain Defendant.  As Defendant was then being taken to the holding cell, he made a variety of threatening remarks, spit on the deputy, and attempted to head-butt him.    18 U.S.C. § 3142(g)(2).

3.     The pertinent history and characteristics of Defendant are significant to this Court's assessment of his candidacy for bond. Defendant declined to be interviewed by Pretrial Services. Accordingly, the undersigned is without any information concerning Defendant's background, other than his criminal record. The criminal record, however, is extensive and includes the following arrests: intent to damage property (1982); petty larceny (1982); sexual abuse forceable contact/petty larceny/resisting arrest (1984); sexual abuse-sexual contact/act in a manner to injure ch. (1985); age violation in reference to alcohol (unlawfully dealing with a child)(1985); resisting arrest (1985); criminal possession of a weapon (1986); forceable rape/forceable intercourse/burglary illegal entry/sexual abuse (1989); criminal trespass (1989); bribing a witness/causing false testimony (1989); aggravated harassment (1989); aggravated harassment (1989); aggravated harassment (1991); grand larceny (1991); grand larceny (1992); sexual abuse (1992); resisting arrest/escape/DWI (1993); domestic abuse/assault (1994); domestic abuse/assault (1994); resisting arrest without violence/escape/receiving stolen goods (1996); threatening the President of the United States (1996); criminal domestic violence (two counts)/assault & battery on law enforcement officer (1998); and supervised released violation (2000). In

2

addition, the Pretrial Services Report reflects that Defendant has been convicted of the following offenses: intent to damage property (1982); age violation in reference to alcohol (1985); criminal possession of a weapon (1987); forceable rape/forceable intercourse/burglary illegal entry/sexual abuse (1990); aggravated harassment (1990); aggravated harassment (1991); grand larceny (1992); grand larceny (1992); domestic abuse/assault (1994); domestic abuse/assault (1994); threatening the President of the United States (1996); and violation of supervised release (2000). Given Defendant's extensive criminal record, which includes two charges of escape, coupled with the lack of information as to his community ties, the undersigned does not believe that he would be likely to appear if released on bond prior to trial.   18 U.S.C. § 3142(g)(3)(A) and (B)

4. Defendant has an extensive criminal history that includes multiple arrests and convictions for crimes of violence. Further, the crime with which he is currently charged is one of violence that was allegedly committed upon a federal law enforcement officer following a court proceeding.   Accordingly, Defendant constitutes a danger to the community. 18 U.S.C. § 3142 (g)(4).

5. The Court specifically finds that there is no condition or combination of conditions of release that reasonably will ensure either Defendant's appearance as required or the safety of any other person and the community.  18 U.S.C. § 3142(e).

Based upon the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that Defendant presents a risk of flight if released on bond prior to trial and a danger to the community. The Court hereby directs:

1. That Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting

3

or serving sentences or being held in custody pending appeal;

2. That Defendant be afforded reasonable opportunity for private consultation with counsel; and

3. That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined deliver him to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida this 15th day of May 2001.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

Honorable Norman C. Roettger
United States District Judge

Scott Sakin, Esquire
1411 NW North River Drive
Miami, Florida 33125-2601
Attorney for Defendant

Don Chase, Esquire
United States Attorney's Office

United States Marshal

United States Pretrial Services