UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 01-6069-CR-ROETTGER

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| RANDY WEAVER, | ) |
| | ) |
| Defendant. | ) |

## GOVERNMENT'S SUPPLEMENTAL RESPONSE TO STANDING DISCOVERY ORDER

The United States files this supplemental response to the Standing Discovery Order issued in this case. This supplemental response is numbered to correspond to that Order.

A.  5.  Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected on a mutually convenient time at the Office of the United States Attorney, 500 East Broward Boulevard, Suite 700 in Fort Lauderdale, Florida. Please call the undersigned to set up a date and time that is convenient to both parties.

The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial. Such attachments include the following documents that were produced to counsel at the May 8, 2001 pre-trial detention hearing: June 28, 2000 photograph of the defendant; USMS reports dated June 28, 2000 (2 pages), June 28, 2000 (1 page), and October 16, 2000 (2 pages); and 2 page preliminary incident report date September 12, 2000.

B.  DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

      Time: Around 11:00 A.M.
      Date: June 28, 2000
      Place: Fort Lauderdale Federal Courthouse

                  Respectfully submitted,

                  GUY A. LEWIS
                  UNITED STATES ATTORNEY

By: _____

     DONALD F. CHASE, II
     ASSISTANT UNITED STATES ATTORNEY
     Court No. A5500077
     500 East Broward Boulevard, Suite 700
     Fort Lauderdale. Florida 33394
     Tel: (954) 356-7255
     Fax: (954) 356-7336

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was delivered by United States mail this 18th day of May 2001 to Scott Sakin, Esquire, 1411 N. River Drive, Miami, FL 33125.

                  _____
                  DONALD F. CHASE, II
                  ASSISTANT UNITED STATES ATTORNEY

**U.S. Department of Justice**
United States Marshals Service

| REPORT OF INVESTIGATION | | Page 1 of 2 |
|---|---|---|
| 1. FID# 404788 | 2. DATE OF REPORT 06/28/2000 | 3. REPORTED BY: James Meehan, DUSM |
| 4. CASE TITLE: WEAVER, Randy | | AT: USMS/Ft Lauderdale |

6 TYPE OF REPORT *(Check One)*
[ ] REPORT OF ELECTRONIC INTERCEPTION
[ ] COLLATERAL LEAD
[ ] WITNESS INTERVIEW

[X] ARREST
[ ] INTELLIGENCE UPDATE
[ ] MEMORANDUM TO FILE
[X] INCIDENT REPORT

On 06/20/2000, the USMS Ft Lauderdale received a collateral lead from the District of South Carolina to located and apprehend WEAVER, who was wanted for absconding from supervision from their district WEAVER's original charges were Threatening the President of the United States. WEAVER has a lengthy criminal history which include the following arrests: 2 Assault and Batteries, 5 Burglary/Larcenies, 1 Firearms violations, 3 Rape/Sexual Assaults, 1 Threatening the President, 2 Escapes, 5 Resisting Arrests, 1 Aggravated Harassment, 1 Bribing a Witness, and 2 Criminal Domestic Violence Charges

On 06/21/2000, DUSM's Meehan and Gloetzner began conducting a surveillance of the following address, where WEAVER was believed to be residing 4901 NW 77th Court in Coconut Creek, Fl At approximately 2300 hrs, on this same date, DUSM's believed that they observed WEAVER near the residence, but lost sight of him in the darkness

On 06/22/2000, DUSM's Meehan and Gloetzner and Deputies from the Broward Sheriff's Office surrounded the above residence and made contact with the owner, Vicky Newson. The owner gave DUSM's consent to search and advised that WEAVER was in the house and was still in his bedroom DUSM's Meehan and Gloetzner attempted to make contact with WEAVER, however the bedroom door was locked and WEAVER refused to come to the door. DUSM's Meehan and Gloetzner could hear WEAVER moving around inside the room and believed he might be attempting to escape DUSM's forced the door open and located and apprehended WEAVER WEAVER was then transported to the U.S. Court House in Ft Lauderdale for a removal hearing At his hearing, WEAVER's attorney advised the court that WEAVER wished to fight identity. USMJ Snow set an identity hearing for 06/28/2000

On 6/28/2000, DUSM's Meehan and Gloetzner entered the cell block to secure WEAVER and escort him to the hearing in front of USMJ Snow. Immediately upon coming into contact with WEAVER, he appeared agitated and aggressive towards the DUSM's. WEAVER was secured in the cellblock adjacent to USMJ Snow's courtroom, until the time of his hearing. While in this cell, WEAVER became even more agitated At the time of WEAVER's hearing, DUSM's Meehan and Gloetzner retrieved WEAVER from the cell and DUSM Gloetzner advised him not to stand up or move around the courtroom, unless directed to do so by USMJ Snow. WEAVER

| 7. SIGNATURE *(SDUSM)* *James W Meehan* | 8. DATE 6/28/2000 | 11. DISTRIBUTION X DISTRICT |
|---|---|---|
| 9. APPROVED *(Name and Title)* | 10. DATE 6/28/00 | __ HEADQUARTERS __ OTHER |

*UNITED STATES MARSHALS SERVICE*
*THIS REPORT IS THE PROPERTY OF THE UNITED STATES MARSHALS SERVICE NEITHER*
*IT NOR ITS CONTENTS MAY BE DISSEMINATED OUTSIDE THE AGENCY TO WHICH LOANED*

USMF ORM-11
(REVISED APRIL 1999)
(REPLACES USM-210)

**U.S. Department of Justice**
United States Marshals Service



| REPORT OF INVESTIGATION CONTINUATION | | Page 2 of ___ |
|---|---|---|
| 1. FID# 404788 | 2. DATE OF REPORT 06/28/2000 | 3. REPORTED BY James Meehan, DUSM |
| 4. CASE TITLE: WEAVER, Randy | | AT: USMS/Ft Lauderdale |

told DUSM Gloetzner that he should shut the fuck up. WEAVER remained calm through out the hearing and was found to be the Randy WEAVER that was wanted by the District of South Carolina. USMJ Snow ordered that WEAVER be removed to the District of South Carolina in USMS custody, because he was a risk of flight. DUSM's Meehan and Gloetzner then escorted WEAVER out of the courtroom. Once leaving the courtroom, DUSM Gloetzner applied one handcuff to WEAVER's left hand and then WEAVER attempted to spin around swinging his right arm. DUSM Gloetzner blocked WEAVER's swing and forced WEAVER to the ground. DUSM's Meehan and Gloetzner wrestled with WEAVER on the floor, but were able to apply the second handcuff. While escorting WEAVER to the USMS cellblock, WEAVER advised DUSM Gloetzner that he thought DUSM Gloetzner was a pussy and that if his restraints were removed he would kick DUSM Gloetzner's ass. WEAVER further advised DUSM Gloetzner that if he didn't believe him, then DUSM Gloetzner should look at his criminal history, because he has beat the shit out of officer's bigger than DUSM Gloetzner, in the past. WEAVER then moved quickly towards DUSM Gloetzner, spit in his face and attempted to head butt him. DUSM's Meehan and Gloetzner then physically restrained WEAVER and had to physically escort him into the USMS cellblock and into a cell. WEAVER resisted and fought with DUSM's the entire way. DUSM Gloetzner was seen by the on duty nurse in the U.S. Courthouse. After treating DUSM Gloetzner, the nurse came to the cellblock and treated WEAVER for a bloody nose, a bloody lip and shoulder pain. After treating WEAVER, the nurse advised that WEAVER did not appear to have any serious injuries, but would recommend that he see a physician at the FDC in Miami for a more examination.

UNITED STATES MARSHALS SERVICE
THIS REPORT IS THE PROPERTY OF THE UNITED STATES MARSHALS SERVICE. NEITHER
IT NOR ITS CONTENTS MAY BE DISSEMINATED OUTSIDE THE AGENCY TO WHICH LOANED



PHOTO TAKEN BY DUSM MEEHAN, AFTER THE
ASSAULT ON DUSM RIDETZNER. DUSM WALKER
WITNESSED THE TAKING OF THE PHOTO.

TAKEN 6/28/2...
BY: DUSM MEEHAN

**U.S. Department of Justice**
United States Marshals Service

| REPORT OF INVESTIGATION | | Page 1 of 1 |
|---|---|---|
| 1. CASE #: 6:96-96-1<br>FID#: 404788 | 2. DATE OF REPORT:<br>6-28-00 | 3. REPORTED BY:<br>M.GLOETZNER |
| 4. CASE TITLE: USA -vs- WEAVER, RANDY | | |

5. TYPE OF REPORT *(Check One):*  
[ ] REPORT OF ELECTRONIC INTERCEPTION  
[ ] COLLATERAL LEAD  
[ ] WITNESS INTERVIEW  

[ ] ARREST  
[ ] INTELLIGENCE UPDATE  
[ ] MEMORANDUM TO FILE  
[x] INCIDENT  

On 6-28-00, at about 10:30am Deputies Meehan and Gloetzner escorted WEAVER to magistrate court in Fort Lauderdale at 10:30am. WEAVER was very agitated prior to going to court for an unknown reason. WEAVER was advised once he was in court not to stand or move about the court room unless the Judge instructed him to do so. WEAVER said "shut the fuck up" in response.

At about 11:00am, Deputy Gloetzner attempted to put restraints on WEAVER who jerked his hand away. Deputies controlled WEAVER and put restraints on him. WEAVER was placed in the elevator. WEAVER then stated that if his restraints were removed he would kick Deputy Gloetzner's ass.

After exiting the elevator WEAVER walked up next to Deputy Gloetzner until he was face to face. WEAVER then spit and attempted to hit Deputy Gloetzner in the face with his head. WEAVER continued to resist and fight against Deputies until he was placed into a cell by himself. WEAVER was seen by the on duty Nurse in the Ft. Lauderdale Federal building. The nurse advised that there were no serious injuries. The Nurse stated that WEAVER should see a doctor once he returns to Miami Federal Detention Center.

| 7. SIGNATURE (USM)<br>M. Gloetzner | 8. DATE<br>6-28-00 | 11. DISTRIBUTION<br>__ DISTRICT |
|---|---|---|
| 9. APPROVED *(Name and Title)* | 10. DATE<br>6-28-00 | __ HEADQUARTERS<br>__ OTHER _____ |

UNITED STATES MARSHALS SERVICE
THIS REPORT IS THE PROPERTY OF THE UNITED STATES MARSHALS SERVICE NEITHER
IT NOR ITS CONTENTS MAY BE DISSEMINATED OUTSIDE THE AGENCY TO WHICH LOANED.

USM FORM 11
(REVISED APRIL 1990)
(REPLACES USM-210)

U.S. Department of Justice
United States Marshals Service



| REPORT OF INVESTIGATION | | | Page 1 of 2 |
|---|---|---|---|
| 1. CASE # | 2. DATE OF REPORT: 10/16/00 | | 3. REPORTED BY: C. Warren, DUSM |
| 4. CASE TITLE: WEAVER, RANDY, 92903-071 | | | AT: Atlanta, GA. |
| 6. TYPE OF REPORT *(Check One):*<br>[ ] REPORT OF ELECTRONIC INTERCEPTION<br>[ ] COLLATERAL LEAD<br>[X] WITNESS INTERVIEW | [ ] ARREST<br>[ ] INTELLIGENCE UPDATE<br>[ ] MEMORANDUM TO FILE<br>[ ] OTHER _____ | | |

On 10/16/00, DUSM Charles Warren interviewed inmate HAROLD D. NEAL, BOP # 49721-019, regarding his knowledge of threats made by federal inmate RANDY WEAVER to U.S. Marshals. NEAL was interviewed at the federal lockup located within the Richard B. Russell Federal Building in Atlanta, GA. He stated that he first had contact with WEAVER around the middle of July, 2000. NEAL stated that he had been placed in DCU-1 at USP-Atlanta, as a hold over, and WEAVER was his roommate after WEAVER's arrival via JPATS airlift. NEAL related the following regarding his contact with WEAVER:

WEAVER arrived after the 4th of July, on Wednesday evening. He was put in the same room with NEAL, and appeared extremely distraught. He was upset that he could not make a phone call to his girlfriend. NEAL noticed that WEAVER had what appeared to be an injury to his face. WEAVER related that he had a lawsuit involving two deputy U.S. Marshals in Miami, Fl. WEAVER told NEAL that the lawsuit alleged that the Marshals had thrown him into the "cage " in the holding cell in Miami. He related that he had actually fallen on purpose in order to create an injury and generate a lawsuit that would prevent his return to South Carolina. He further stated that when one of the Marshals attempted to help him up, a struggle ensued and the Marshal told WEAVER that he would get "punked up" when he got to prison. WEAVER became enraged and threw himself at the Marshal, resulting in WEAVER fracturing his collarbone. As he related his story, WEAVER became increasingly more animated and stated that he "had something for those two Marshals". He asked NEAL if he remembered Oklahoma City. He stated that if he couldn't get the Marshals any other way he would blow up the federal building in Miami. He related that he had written his girlfriend in Miami, and that she was to "get the shit to do it with." WEAVER stated that his girlfriend was employed by the federal government. NEAL told WEAVER that security was tighter around federal building since Oklahoma City, and WEAVER stated that it did not matter, because his bomb would be inside the building. He stated that his

| 7. SIGNATURE *(SDUSM)* | 8. DATE 10/16/00 | 11. DISTRIBUTION<br>__ DISTRICT |
|---|---|---|
| 9. APPROVED *(Name and Title)* | 10. DATE | __ HEADQUARTERS<br>__ OTHER _____ |

*UNITED STATES MARSHALS SERVICE*
*THIS REPORT IS THE PROPERTY OF THE UNITED STATES MARSHALS SERVICE NEITHER*
*IT NOR ITS CONTENTS MAY BE DISSEMINATED OUTSIDE THE AGENCY TO WHICH LOANED.*

USM FORM 11
(REVISED APRIL 1990)
(REPLACES USM-210)

U.S. Department of Justice
United States Marshals Service



| REPORT OF INVESTIGATION CONTINUATION | | Page 2 of 2 |
|---|---|---|
| 1. CASE # | 2. DATE OF REPORT 10/16/00 | 3. REPORTED BY: WARREN |
| 4. CASE TITLE | | AT: ATL, GA |

concern was to make sure that the explosion "hit the Marshals."

WEAVER attempted to make a telephone call on Thursday and no one would take his collect call. He became increasingly upset, " crying in front of the lieutenant and guards", until he was placed on suicide watch by BOP staff. WEAVER was unable to sleep and continued to obsess about the incident in Miami. He kept a journal that he would write in every night. On Sunday, WEAVER went to see the prison psychiatrist. Upon his returned, an inmate named GURGIS remarked that WEAVER would be able to sleep now, because of the medication he had received. WEAVER became enraged and attempted to fight with GURGIS. When WEAVER returned to the cell, he broke a razor and melted it to the end of a toothbrush. He indicated his intention to attack GURGIS at breakfast the following day. NEAL stated that he told the guard at USP-Atlanta, who took no action.

The following morning, WEAVER was moved out and transported from Atlanta via the airlift. NEAL had no further contact with WEAVER.

*UNITED STATES MARSHALS SERVICE*
*THIS REPORT IS THE PROPERTY OF THE UNITED STATES MARSHALS SERVICE NEITHER*
*IT NOR ITS CONTENTS MAY BE DISSEMINATED OUTSIDE THE AGENCY TO WHICH LOANED.*

| U.S. Department of Justice<br>United States Marshals Service | | PRELIMINARY INCIDENT REPORT |
|---|---|---|
| **FOR OFFICIAL USE ONLY** | | |
| TO. 11th Circuit Inspector<br>Operations Support Team<br>Judicial Security Division | | FROM: United States Marshal<br>Robert H. McMichael |

### Target Information

| Last Name: | Position: U.S. District Court | Sex: |
|---|---|---|
| First Name: | Title: Deputy U.S. Marshal | Notified : _X_Yes ___No |
| Middle Name: | Race: | Date Notified: 09/12/00 |

Additional Target(s): U.S. Courthouse/ Federal Building at Miami, Fl.

### Incident Information

| Date of Incident: 09/12/00 | District Name: North Georgia | District #: 019 |
|---|---|---|

Method - __Mail  __Computer  _X_Informant  __Phone  __Package  __Verbal  __Fax
(check one)  __Other_____

Status.  _X_Open  ___Closed  ___On-Going   Date: 09/12/00
(Check one)

Location of Incident: United States Penitentiary, Atlanta, Ga. holdover unit

| U.S. Marshal Reporting Official:<br>Charles G. Warren | Title. DUSM | Phone: (404) 730-9208 |
|---|---|---|

### Suspect Information

| Last Name: WEAVER | Race: White | SSN# 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 |
|---|---|---|
| First Name: Randy | Sex: Male | FBI# 714884X11 |
| Middle Name: Anthony | DOB: 07/26/1964 | BOP#: 92903071 |

AKA:

Organization:  _x_Prisoner      __Prison Gang        __Drug Organization: __Local __International
               __Individual     __Motorcycle Gang
               __Organized Crime __Street Gang       __Terrorist Group: ___Domestic__International
               __Unknown        __Other_____

**FOR OFFICIAL USE ONLY**

Form USM-550
(Rev. 6/98)

| Incarcerated: | _X_Yes __Unknown __No | Location: USM, D/SC | |
|---|---|---|---|

Additional Suspects: None

| FBI Notified: No | Date. | Initiated Investigation: __Yes or _x_No | |
|---|---|---|---|
| Notified by: | | Joint Investigation: __Yes or _X_No<br>Requested Copy of Investigation? __Yes or __No | |
| FBI Agent: | | Telephone #: | |

Office:

Brief Narrative: Typed or written - attach USM-11 and Supporting Documents Separately.

On 09/12/00, DUSM Charles Warren interviewed inmate James W GURGIS, BOP # 04292-025, at the Federal prison camp in Atlanta, Ga. This interview was predicated on a letter received from GURGIS that he had information regarding a threat to deputy U. S. Marshals in the Southern District of Florida.  GURGIS stated that he had been at the U.S. penitentiary in Atlanta with an inmate named RANDY WEAVER. GURGIS related that WEAVER made threats to kill two deputy U.S. marshals, while at DCU-1, in U.S.P.- Atlanta.

GURGIS stated that he met WEAVER in medical at DCU-1. WEAVER told him that he had left South Carolina after an altercation with the police. He then went into hiding in Florida. He was subsequently arrested in Miami by U.S. marshals. During his court appearance, WEAVER had an altercation with two deputy U.S. marshals. He stated that one of the marshals told him he would be raped in prison. WEAVER said that he moved toward the deputy and tripped and fell to the floor, hitting his nose. He stated he tried to get up, but the deputy pushed back down.

GURGIS stated that WEAVER said he was going to sue the two deputies. He related that WEAVER "seemed furious with the system." He told GURGIS, "I'll get those two deputies, no matter what." He said that if he could not get to them, he would do the federal building, like Oklahoma City. He then stated, "My name is Randy WEAVER, just like at Ruby Ridge."

GURGIS further related that WEAVER, "was a crybaby in DCU." He said that WEAVER went to a "shrink" on the Sunday prior to his departure from USP-Atlanta. GURGIS stated that when WEAVER returned, he made a joke about the medication he was given. WEAVER "blew up", and wanted to fight with GURGIS. GURGIS told him he would be at rec, if WEAVER wanted him. GURGIS stated that the following day he saw inmate Harold NEAL during rec. NEAL was WEAVER's roommate in DCU-1. GURGIS told NEAL about the conversation that he had with WEAVER the previous day. NEAL told him " you don't know the half of it." He related that WEAVER had been furious about the altercation, and made plans to slice GURGIS' throat on the yard. NEAL stated that WEAVER had threatened him also.

GURGIS told DUSM Warren that Lt. Moore in DCU was notified regarding the threats.

FOR OFFICIAL USE ONLY

Form USM-560
(Rev. 6/98)