UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,  CASE NO: 01-6069-Cr-ROETTGER

    PLAINTIFF,

V.

RANDY WEAVER,

    DEFENDANT.

_____/



## DEFENDANT WEAVER'S MOTION TO CHALLENGE MAGISTRATE'S DETENTION ORDER.

Defendant, Randy Weaver, moving pro se' pursuant to 18 U.S.C. § 3145(b), moves this Honorable Court to challenge the Detention Hearing, wherein the Magistrate ordered Pre-Trial detention, and in support thereof states the following:

1. Randy Weaver is charged with one count of Assault on a U.S. Marshal[1]. The alleged assault occurred while Mr. Weaver was being escorted from Judge Show's Courtroom, to the third floor of the marshals' office, while handcuffed behind his back.

2. At the time of the detention hearing,[2] Mr. Weaver was serving a prison sentence. That sentence expired on June 21,2001, accordingly, with that sentence completed, that part of the circumstances has changed, since the Defendant's initial detention hearing.

3. At the initial detention hearing, the Government asserted that Mr. Weaver had a significant prior record, relying on a report from Pre-Trial Services (which Mr. Weaver never spoke to, due to the fact that Mr. Weaver had still approximately 46 days remaining on his sentence he was serving).

While Mr. Weaver may in fact have a criminal record, the Government intentionally mislead the court, stating that the Defendant had numerous FELONY CONVICTIONS for "Aggravated Battery", which is completely without ANY MERIT.

---

1. In violation of 18 U.S.C. § 111(a)(1)
2. Before Magistrate Judge Seltzer on May 8,2001

CJA at the time, [3] reserved the Defendant's right to challenge the truthfulness of the report prepared by Pre-Trial Services, especially since the Government had failed to provide Defendant with copy of his criminal record. [4]

4. Moreover, at the Defendant's initial appearance before Magistrate Snow, [5] the Government made an oral motion for detention of the Defendant. [6] At said hearing, the Defendant didn't waive his right to said hearing, and hearing was held on May 8,2001, before the Magistrate Judge Seltzer. [7]

There was no inquiry made by Magistrate Snow, nor was Defendant informed of his right to have such hearing. [8] "There is no provision for continuance on the Court's own motion, even though subsection(f) does permit the court, sua sponte, to make other motions e.g., to order a madical exam.

The statute clearly does not contemplate such motions for continuances. The four-day continuance at the behest of the court was, therefore a material violation of this statute". Even if, for arguendo sake, the Government were to raise the issue that the Defendant had still approximately 46 days remaining on his sentence before he could be released anyway, does not diminish the Defendant's right to said hearing in a timely fashion and according to statute.

See, **United States v. Hurtado,** 779 F.2d 1467 (11th Cir. 1985); **United States v. Al-Azzaway,** 768 F.2d 1141 (9th Cir. 1985); **United States v. Salerno,** 481 U.S. 739, 95 L.Ed.2d 697, 107 S.Ct. 2095 (1987); see also, **United States v. Malekzadeh,** 789 F.2d 850 (11th Cir. 1986). In **United States v. Al-Azzaway, Supra.** @ 1146[n.3,4] the court held that a delay in holding the hearing due to counsel being retained or appointed, was not grounds to exceed the time frame of the statute.

---

3. Scott Sakin appointed on May 4,2001
4. As required by standing Discovery Order (A.4) and Federal Rules of Criminal Procedure, Rule 16(c)(1)(B)
5. Initial appearance was held on May 4,2001.
6. Pursuant to 18 U.S.C.§ 3142(e)
7. Magistrate Snow recused herself after becoming aware that she would be called as a witness.
8. 18 U.S.C. § 3142(f) in part, "shall be held immediately upon the person's first

-2-

**WHEREFORE**, based upon the foregoing, along with the fact that the Defendant's criminal history is no where near as severe as the Government stated, along with the issue of said hearing being held in an untimely manner, and the Defendant having previously moved the Magistrate court to re-open detention hearing,[9] the Defendant states that there are clearly conditions which would assure the court of Defendant's appearance at a later date.

Respectfully Submitted,

Randy Anthony Weaver
Pro Se'/Defendant
# 92903-071
Federal Detention Center
P.O. Box 019120
Miami, Florida 33101-9120

---

appearance before the judicial officer, unless that person, or the Attorney for the Government, seeks a continuance. Except for good cause, a continuance on motion of the person may not exceed five-days, and a continuance on motion of the Government may not exceed three-days.

9. Motion denied on June 28,2001, without a hearing into allegations by Defendant.

-3-

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that a true and correct copy of the foregoing was mailed to Donald Chase, Esq., Assistant United States Attorney, 500 East Broward Boulevard, 7th floor, Fort Lauderdale, Florida 33394, as well as Mr. Scott Sakin, CJA., 1141 N.W. North River Drive, Miami, Florida 33125 on this __19TH__ day of July, 2001.

By: _____
Randy Anthony Weaver
Pro Se' / Defendant.