UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 01-6069-Cr-Roettger

UNITED STATES OF AMERICA,

    Plaintiff,

V.

RANDY WEAVER,

    Defendant.

_____/

### DEFENDANT WEAVER'S AFFIDAVIT IN SUPPORT OF MOTION FOR RETURN AND SUPPRESSION OF PROPERTY SEIZED FROM RESIDENCE WITHOUT SEARCH WARRANT

COMES NOW, Randy Weaver, being duly sworn, deposes and says:

1. I am the Defendant, filing Ex Parte', in this proceeding and submit this affidavit in support of the within application.

2. I request an Order directing the return of all property, documents, writings, currency, papers and other items seized by agents of the United States Marshals' Office, on June 22,2000, from the premises of Ms. Vicki Newson, and shared by the Defendant, Randy Weaver, located at 4901 N.W. 77th Court, Pompano Beach, Florida, and suppressing the use by the Government in any criminal proceeding of said property against the Defendant.( See attached list of property).

3. The Defendant's residence was searched by the Unietd States Marshals' Office against his will, and without his permission.

4. The aforesaid search and seizure was illegal because a serach warrant was not procured by the Government authorities.



5. The Defendant has been aggrieved by this unlawful search and seizure which violates his Constitutional Rights and there are reasonable grounds to believe the property referred to will be used as evidence against him.

**WHEREFORE,** I respectfully request that an Order be entered pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure, directing the return of the property wrongfully seized from the Defendant and Ordering that the same be excluded as evidence against the Defendant and that any conversations or statements made by him in connection with said arrest be similary ordered suppressed.

Respectfully Submitted,

*Randy H. Weaver*
Randy A. Weaver
Defendant/ Ex Parte'

[JURAT]

-2-

## " SCHEDULE OF ILLEGALLY SEIZED PROPERTY "

### SHALL IT PLEASE THE COURT:

The following is a list of property that was illegally seized from Defendant Weaver's residence on or about June 22,2000, by the United States Marshals' Office, in violation of the Fourth Amendment of the United States Constitution, as well as the Constitution for the State of Florida. [This list is inconclusive due to no inventory list was ever provided to Defendant].

| [ITEM] | [LOCATION WHERE ITEM WAS] |
|---|---|
| 10-15 Computer Diskettes | These item(s) were inside Defendant's closed desk drawer, and also inside a Grey cloth briefcase, which was at the bottom of Defendant's laundry basket, inside closet. None of said item(s) were in Plain View. |
| 2 Personal V.C.R. Tapes of intimate occassions with with common-law wife & a friend. | These items were also inside the Grey briefcase located at the bottom of laundry basket. These tapes were not in Plain View. |
| 1999 Income Tax Return Statement with Refund, in sealed and addressed envelope | This item was located in Defendant's top Dresser Drawer under clothes. These item(s) were not in Plain View. |
| Misc. Personal Papers | These item(s) were located in the closed desk drawer and also within the Grey cloth briefcase in laundry basket. None of these item(s) were in Plain View. |
| Wall Calendar | This item was hanging on wall next to the Defendant's desk. This is the only item that was in Plain View. |
| South Carolina Driver's License | This item was located inside the Defendant's closed desk drawer. Not in Plain View. |

-1-

1 Audio-Vox Cellular Phone             This item was located inside Defendant's
                                       bathroom on it's charger, and outside
                                       the room in which Defendant was arrested.
                                       Therefore, this item was not in Plain
                                       View.


There very well may be other items that were seized without said serach warrant, but I feel its important to also inform this Honorable Court that Defendant was arrested on a Violation Of Supervised Release, and that the seizure of said property had no relation whatsoever upon the Defendant's Violation of Supervised Release.

Further, no property seized had any signs of criminal activity either on their face, or after having illegally viewed the same.

**THEREFORE,** Defendant asserts that all of the above item(s) are subject to suppression under Rule 41(e) of the Federal Rules of Criminal Procedure.


    **[JURAT]**                              Respectfully Submitted,

                                       _____
                                       Randy Weaver
                                       Defendant/ Ex Parte'


**xc:** Scott Sakin,CJA
    A.U.S.A. Donald Chase,Esq.,