UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,　　　　CASE NO. 01-6069-CR-ROETTGER

　　　　PLAINTIFF,

V.

RANDY WEAVER,

　　　　DEFENDANT.
_____/

**NIGHT BOX
FILED
SEP 25 2001
CLARENCE MADDOX
CLERK, USDC/SDFL/FTL**

## DEFENDANT, WEAVER'S MOTION IN LIMINE

Defendant, RANDY WEAVER, through undersigned counsel moves this court In Limine to prevent the Government from introducing into evidence or bringing before the jury evidence which is not relevant and in support thereof states the following:

1. The Defendant is charged that on June 28, 2000 he did assault Michael Glotzner, a deputy of the United States Marshal Service. The alleged assault occurred in the holding cell area behind Judge Snow's courtroom and leading up to the Marshal's office in the U.S. District Courthouse in Fort Lauderdale.

2. The Defendant, RANDY WEAVER, filed several complaints with various Government agencies that Deputy Glotzner and James Meehan had beaten the defendant.

3. Defendant also filed a civil complaint in U.S. District Court against several Government agencies including Michael Glotzner and James Meehan. The civil lawsuit is pending before Judge Huck.

4. On June 22, 2000 defendant was arrested for violation of supervised release. The underlying charge was that Randy Weaver did make a written threat to take



the life of the president of the United States, and that Randy Weaver in a letter addressed to Mr. Bill Clinton stated, among other things, that "we hereby sentence you to death, by whatever means needed to eliminate you and those who are involved with you . . . . We will destroy you and that place you call the White House by explosion." Defendant was convicted of this crime. Defendant was then sentenced to 23 months in prison followed by a term of supervised release of three (3) years. Defendant served the 23 months in prison. During the three 3 year period supervised release defendant absconded from supervision and was arrested in Florida.

5.   The court scheduled a removal hearing for June 28, 2000. The defendant was detained.

6.   On June 28, 2000 the same Marshals that arrested the defendant on June 22, 2000 escorted the defendant to Judge Snow's courtroom, but on the way to courtroom Deputy Glotzner removed an envelope from the defendant's shirt pocket which defendant claimed contained private legal documents.

7.   Defendant asserts that he was threatened by the Marshals prior to going to Judge Snow's courtroom. Following the court appearance Defendant was instructed to face a holding cell and then Deputy Goltzner assaulted the Defendant.

8.   Defendant was sent to South Carolina. There was a hearing held on the violation of supervised release. Supervised release was violated and Defendant was sentenced to one year in prison. Ten (10) months later in April 2001, Defendant was indicted for the alleged assault upon the Marshal.

2

9.  Defendant seeks in limine to prevent the Government from introducing the following:

A.  The Defendant was convicted of threatening President Clinton or blowing up the White House.

B.  That Defendant violated supervised release.

C   That Defendant was on supervised release.

D.  The Defendant's prior arrests and conviction which were provided to counsel as these matters are not relevant and there is a dispute whether these convictions are accurate as stated in the pretrial services report.

## MEMORANDUM OF LAW.

10. Defendant argues that the district court should not admit evidence of his conviction for threatening the President of the United States. These acts are not admissible under Federal Rule of Evidence 404(b) as proof of motive, design, opportunity or absence of mistake.

11. Under Rule 404(b), "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . . " Federal Rule of Evidence 404(b). To be admissible, 404(b) evidence must (1) be relevant to one of the enumerated issues and not to the defendant's character; (2) the prior act must be proved sufficiently to permit a jury determination that the defendant

3

committed the act; and (3) the evidence's probative value cannot be substantially outweighed by its undue prejudice, and the evidence must satisfy Rule 403.

12. The evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence.

13. The fact that the Defendant made a prior threat against the President of the United States and had threatened to blow up the White House clearly is not relevant to any issue in this case. Moreover, the fact the Defendant was on supervised release or violated supervised release is also not relevant. The only issue which should be relevant is whether or not the Defendant committed the act as claimed in the indictment. Also, Defendant's prior record of various crimes is not relevant to any issue in this case. Clearly, the jury will know the Defendant was in custody. Why Defendant was in custody is not relevant. In light of the recent events in New York and Washington, to allow any evidence that Defendant threatened to blow up the White House would severally prejudice the Defendant from receiving any type of fair trial in this case. The seminal case of U.S v. Beechum, 582 F. 2d 898 (5th Cir. 1978) requires that before the court does any further analysis the evidence must be relevant. The evidence that the Defendant seeks to exclude, concerning threatening President Clinton, blowing up the White House, that Defendant was on supervised release, or violated supervised release and the Defendant's prior records are not relevant to any issue.

WHEREFORE, the Defendant respectfully moves this Court to order the

Government from introducing evidence as requested.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to **Donald Chase, Esq.**, Assistant United States Attorney, 500 E. Broward Boulevard, 7th Floor, Fort Lauderdale, Florida 33394; **Randy Weaver**, #92903-071, c/o Federal Detention Center, P.O. Box 019120, Miami, Florida 33101-9120, on this $\underline{25}$ day of September, 2001.

Respectfully submitted,

SCOTT W. SAKIN, P.A.
Counsel for Defendant Weaver
1411 NW North River Drive
Miami, Florida 33125
Tel. No. (305) 545-0007
Fla. Bar No. 349089

By: _____
Scott W. Sakin, Esq.

5