UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 01-6069-Cr-Roettger

UNITED STATES OF AMERICA,

        Plaintiff,

v.

RANDY WEAVER,

        Defendant.
_____/

## DEFENDANT WEAVER'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL POLYGRAPH EXAMINATION OF PROSECUTION WITNESS

COMES NOW, Randy Weaver, filing Ex Parte', in the above-entitled materr does hereby submit to the Court the following Memorandum in Support of Defendant's motion.

The Defendant relies on the case of United States v. Tokars, 95 F.3d 1520 (11th Cir. 1996), citing United States v. Piccinonna, 885 F.2d 1529, 1536 (11th Cir. 1989)(en banc), polygraph evidence may be admitted to impeach or corroborate testimony of a witness at trial within the court's discretion, so long as the opposing party had adequate notice of the evidence and an opportunity to secure its own polygraph. Further the use of a polygraph examination would be held to the requirements established in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), as well as Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), because the use of said evidence would be used for impeachment purposes as to whether or not the Government's witness in chief, Michael Gloetzner's story is truthful, and then it would automatically give rise to a challenge to the statement and testimony of Deputy James Meehan in view of

-1-



the fact that the statements of both these Deputy Marshals' whom were alleged to be present at the time of the offense, give different details of the incidents that occurred.

Further, in United States v. Piccinonna, Supra, at 1529[n.3], polygraph evidence may be admitted to impeach or corroborate testimony of witness at trial within discretion of trial judge only if party planning to use evidence at trial adequately notifies opposing party that expert testimony will be offered, and opposing party is given reasonable opportunity to have its own polygraph expert administer test covering substantially the same questions, subject to federal rules of evidence for admissibility or corroboration or impeachment testimony. See Federal Rules of Evidence. Rule 608, 28 U.S.C.A.

The Defendant states that the use of a polygraph in this case will have substantial assistance on the Court in this matter, cause it will allow the Court to see just to what degree the different versions of the incident were, and that based upon that fact, the testimony before the Grand Jury by Deputy Gloetzner and Deputy Meehan had to be that of perjury. It is clear, that the alleged victim, Deputy Gloetzner states that the Defendant stated "shut the fuck up" and he alleges that the Defendant spit at him, which the Defendant adamantly denies, but if the Court were to view the statement of Deputy Meehan in relation to the exact same incident, the Court could clearly see where the Defendant's concern rest in requesting said polygraph examination.

The alleged victim, never makes any reference to being swung at by the Defendant, let alone, blocking this alleged swing of the Defendant's, nor does his statement make any reference to the Defendant calling Deputy Gloetzner a "pussy", nor is there any reference to Gloetzner tackling the Defendant and having to forcefully force the Defendant to the floor. All this contradicts the statement given by Deputy Meehan in this case, so it would appear that there is a very

-2-

strong probability that there already has been a great deal of perjury committed on behalf of the Government's key witnesses in this case.

Clearly, as this Circuit has followed the ruling in the previously stated cases, it is within this Court's discretion, to grant Defendant's motion to compel Government Witness to Submit to said Polygraph Examination(s). <u>United States v. Piccinonna, Supra,</u> on remand (S.D.Fla) 729 F.Supp 1336, aff'd without Op. (C.A.11 Fla) 925 F.2d 1474 (polygraph evidence may be admitted to impeach, or corroborate testimony of witness at trial) U.S.C.S. Federal Rules of Civil Procedure, Rule 35(a).

**WHEREFORE,** the Defendant requests and prays that this Honorable Court grant Defendant's motion and any such other or further relief as this Court may deem just and proper.

                                        Respectfully Submitted,

                                        Randy Weaver

                                        Defendant/ Ex Parte'

**CERTIFICATE OF SERVICE AND MAILING**

I HEREBY CERTIFY, THAT I did personally cause to be served upon Donald Chase, Esq., Assistant United States Attorney, a true and correct copy of the foregoing by depositing the same in the United States Mail Service, addressed as follows: 500 East Broward Boulevard, 7th Floor Fort Lauderdale, Florida 33394, on this 21st day of September, 2001.

By: _____

Randy Weaver
Defendant/Pro Se
# 92903-071
Federal Detention Center
P.O. Box 019120
Miami, Florida 33101-9120