UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 01-6069-CR-ROETTGER **NIGHT BOX FILED**

UNITED STATES OF AMERICA

v.

RANDY WEAVER,

_____/

SEP 2 8 2001

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America respectfully requests the Court to instruct the jury in accordance with the attached proposed special and offense-related instructions in addition to the Pattern Jury Instructions normally given by this Court in criminal trials. In so requesting, the United States expressly reserves the right to request additional instructions as appropriate in light of the evidence introduced and defenses raised during the trial.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
DONALD F. CHASE, II
Assistant United States Attorney
Court No.A5500077
500 E. Broward Blvd., Suite 700
Fort Lauderdale, Florida 33394
Tel: (954) 356-7255x3513
Fax: (954) 356-7336

1

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was hand-delivered this 1st day of October 2001, to: Scott W. Sakin, Esq. 1411 N.W. North River Drive, Miami, FL. 33125.

DONALD F. CHASE, II
ASSISTANT U. S. ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 01-6069-CR-ROETTGER

UNITED STATES OF AMERICA

-vs-

RANDY WEAVER,
_____/

COURT'S INSTRUCTIONS
TO THE JURY

Members of the Jury

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions - what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crime charged in the indictment.

2.1
Duty to Follow Instructions
Presumption of Innocence

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

3

Definition of Reasonable Doubt

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

4.2

Consideration of the Evidence, Direct

and Circumstantial - - Argument of Counsel

Comments by the Court

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

5

## Credibility of Witnesses

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

6.4
Impeachment
Inconsistent Statement
(Defendant Testifies With Felony Conviction)

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

A Defendant has a right not to testify. If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe the Defendant's testimony. Evidence of a Defendant's previous conviction of a crime is to be considered by you only in deciding whether you believe or disbelieve the Defendant as a witness, and must never be considered as evidence of guilt of the crime for which the Defendant is on trial.

9.1
On or About - - Knowingly - - Willfully

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

1.1

Assaulting a Federal Officer

18 U.S.C. Section 111(a)(1)

Title 18, United States Code, Section 111(a)(1), makes it a Federal crime or offense for anyone to forcibly assault a Federal officer while the officer is engaged in the performance of official duties.

You are instructed that a Deputy United States Marshal is one of the Federal Officers referred to in that law, and that it is a part of the official duty of such an officer to enforce federal law while in the performance of assigned duties and to provide security at the Federal Courthouse in the Southern District of Florida.

The Defendant can be found guilty of the offense of assaulting a Federal officer only if all of the following facts are proved beyond a reasonable doubt:

> First: That the Defendant forcibly assaulted the person described in the indictment;
>
> Second: That the person assaulted was a Federal Officer as described above, then engaged in the performance of an official duty, as charged; and
>
> Third: That the Defendant acted knowingly and willfully.

The term "forcible assault" means any willful attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so, and includes any intentional display of

10

force that would give a reasonable person cause to expect immediately bodily harm even though the threat or attempt is not actually carried out and the victim is not actually injured.

It is not necessary to show that the Defendant knew that the person being forcibly assaulted was, at that time, a Federal officer carrying out an official duty so long as it is established beyond a reasonable doubt that the victim was, in fact, a Federal officer acting in the course of performing an official duty and that the Defendant willfully committed a forcible assault upon the officer.

On the other hand, the Defendant would not be guilty of a willful assault if the evidence leaves you with a reasonable doubt concerning whether the Defendant knew the victim to be a Federal officer and that the Defendant only acted because of a reasonable, good faith belief that self defense was needed to protect against an assault by a private citizen.

11

10.1
Caution - - Punishment
(Single Defendant)

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the Defendant is guilty or not guilty. The Defendant is on trial only for the specific count he is charged within the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If the Defendant is convicted the matter of punishment is for the Judge alone to determine later.

11

Duty to Deliberate

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

12

Verdict

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

14