UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO:  01-6069-CR-ROETTGER

UNITED STATES OF AMERICA,

   *Plaintiff*,

vs.

RANDY WEAVER,

   *Defendant*.

_____/



### DEFENDANT WEAVER'S MOTION TO DISMISS INDICTMENT WITH PREJUDICE PURSUANT TO THE SPEEDY TRIAL ACT

 Defendant, **RANDY WEAVER**, by and through undersigned counsel, files the attached Motion to Dismiss Indictment with Prejudice Pursuant to the Speedy Trial Act, and in support thereof states the following:

 1. This Court previously ruled that the defendant, Randy Weaver, may not file *pro se* motions and the defendant is not permitted hybrid representation.

 2. The defendant has requested undersigned counsel file the attached motion on defendant's behalf.

 3. Although defendant calls the motion *ex parte*, this motion is being furnished to the government as required by the Federal Rules of Criminal Procedure.

 4. The defendant makes this motion in good faith.



I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to Assistant United States Attorney Don Chase, 500 East Broward Boulevard, Suite 700, Fort Lauderdale, Florida 33394, on this 4 day of March, 2002.

Respectfully submitted,

**SCOTT W. SAKIN, P.A.**
Attorney for Defendant
1411 N.W. North River Drive
Miami, Florida 33125
Tel: (305) 545-0007

By: /s/ Scott W. Sakin
SCOTT W. SAKIN
Florida Bar № 349089

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO: 01-6069-CR-ROETTGER

| | |
|---|---|
| UNITED STATES of AMERICA, | ] |
| Plaintiff, | ] |
| v. | ] |
| | ] |
| RANDY WEAVER, | ] |
| Defendant. | ] |
| _____/ | |

### DEFENDANT WEAVER'S MOTION TO DISMISS INDICTMENT WITH PREJUDICE PURSUANT TO THE SPEEDY TRIAL ACT

DEFENDANT, Randy Weaver, filing ex parte, and pursuant to 18 U.S.C. §§ 3161, 3162(a)(2), moves this Honorable Court to dismiss the indictment in the above-captioned matter with prejudice, for violations of the Speedy Trial Act, 18 U.S.C. § 3161, and the Sixth Amendment, U.S.C.A. Const. Amend. Art 3, Sec 6, and in support thereof states the following:

1. Randy Weaver is charged with one-count of assault on a United States Deputy Marshal.[1] The alleged assault occurred while Mr. Weaver was being escorted from Judge Snow's courtroom to the United States Marshals Office, on the third floor of this building.

2. In the instant case, the government sought and obtained an indictment

---

1. 18 U.S.C. § 111(a)(1)

against Mr. Weaver on April 3,2001. The date of the alleged assault is to have occurred, was on June 28,2000.

3. A warrant for Mr. Weaver was issued by Magistrate Judge Snow on April 3, 2001, and received by the United States Marshals Office on April 4, 2001.

4. On April 4, 2001, the United States Marshals Office, aware that Mr. Weaver was at the Federal Correctional Institution in Miami, filed a "Speedy Trial Detainer" against Mr. Weaver with the authorities at said facility. (See attached).

As evident from the attached exhibit, Mr. Weaver was never informed of any such detainer, nor did Mr. Weaver ever see any such detainer, until Mr. Weaver filed a freedom of Information Act/ Privacy Act Request with the United States Marshals Service, pursuant to 5 U.S.C. §§ 552. 552a. On December 3, 2001, Mr. Weaver received the attached "Speedy Trial Detainer" document's from the United States Marshals Service.

5. Mr. Weaver raises several issue's in reference to the speedy trial act, and the detainer, (A). Mr. Weaver was never notified of any new pending charge until his initial appearance before Judge Snow on May 4, 2001; (B). Mr. Weaver was denied his right to invoke a speedy trial on April 4, 2001, due to Mr. Weaver never being given a copy, or advised of said detainer, in which, Mr. Weaver would've demanded a speedy trial; (C). That the removal of Mr. Weaver prior to his June 21, 2001 expiration date of his violation of supervised release sentence, violated the provisions set forth in the Interstate Agreement on Detainer's Act, 18 U.S.C. § 3182; (D). That the government intentionally failed to notify Mr. Weaver of said detainer to gain a tactical advantage.

6. Mr. Weaver was brought before Judge Snow for his initial appearance on May 4, 2001, in which, the government asserted that it was serving Mr. Weaver with a copy of his "true bill" indictment. In any event, this now triggered the speedy trial act.

> "In any case in which a plea of
> not guilty is entered, the trial of
> a defendant charged in an information
> or indictment with the commission
> of an offense shall commence with-
> in seventy-days from the filing date
> (and making public) of the information
> or indictment, or from the date the
> defendant has appeared before a
> judicial officer of the court in
> which such charge is pending, which-
> ever date last occurs."

18 U.S.C. § 3161(c)(1)

The act provides that if the statute is violated, the information or indictment shall be dismissed. 18 U.S.C. § 3162(a)(2). See, United States v. Shahryar, 719 F.2d 1522 (11th Cir. 1983).

7. Mr. Weaver never waived said right under the speedy trial act, and is now moving for dismissal of his indictment with prejudice. Mr. Weaver states that without his being informed of said right, by the failure to notify Mr. Weaver of new pending untried federal charge, along with the failure to notify Mr. Weaver of the then filed detainer by the government, the government was concealing Mr. Weaver's constitutional and stautorial right to demand a speedy trial, which Mr. Weaver would have requested on April 4, 2001, had Mr. Weaver been served with such notice.

8. Mr. Weaver was in the custody of the government since June 22, 2000, and the government failed to take any action in this matter until approximately ten-months after the alleged offense. Other circuits and the United States Supreme Court have constantly held that:

> "Where delay of one-year in the presentation
> of criminal charge to grand jury was not
> "accidential" and was thus deemed to have
> been "purposeful", prosecuting attorney
> offered no explanation for the delay in
> prosecuting defendant, delay could not have
> been justified by mere fact that defendant
> was imprisoned already by the same soverign

> which subsequently charged him with another offense, and prosecuting attorney neglected to undertake promptly to obtain defendant's presence within district for trial or to cause promptly a detainer to be filed with his custodian, there was unnecessary delay in indicting defendant so as to require dismissal of the indictment against him".

See, United States v. Quillen, D.C. Tenn. 1978, 468 F.Supp. 480, Affirmed, 588 F.2d 831 (6th Cir.); 18 U.S.C. § 3161(j)(1).

9. 18 U.S.C. § 3161(j)(1) provides:

> "If the attorney for the government knows that a person charged with an offense is serving a term of imprisonment in any penal institution, he shall promptly-
> (A). undertake to obtain the presence of the prisoner for trial; or (B). cause a detainer to be filed with the person having custody of the prisoner and request him to so advise the prisoner and, to advise the prisoner of his right to demand trial.

Further, Section (j)(2) provides:

> "If the preson having custody of such prisoner receives a detainer, he shall promptly advise the prisoner of the charge and of the prisoner's right to demand trial. If at any time thereafter the prisoner informs the person having custody that he does demand trial, such person shall cause notice to that effect to be sent promptly to the attorney for the government who caused the detainer to be filed".

**"CONTINUANCES AND DELAYS"**

In the instant case, Mr. Weaver was brought before the Honorable United States Magistrate Judge Lurana S. Snow on May 4, 2001, and served with what the government claimed was a true copy of his indictment. On June 19, 2001, according to this Court's Docket Sheet [entry No. #18], the Court scheduled trial in this matter for July 23, 2001.

On July 11, 2001, counsel for Mr. Weaver, Scott W. Sakin, P.A. filed a joint motion, along with the government, to continue trial [entry No. #21]. On the same

-4-

day, this Court granted said motion [entry No. # 22].

Again, on September 17, 2001, this Court set this case for trial, with trial to be heard on October 1, 2001.[entry No. # 33]. The record regarding this scheduled trial date is void of any motions being filed by the government or by the defense to continue trial. Further, the record is also void of any order being issued by the Court, cancelling the October 1, 2001 trial date, in any event, Mr. Weaver did not have trial.

Again, on December 20, 2001, this Court scheduled the case to be heard on January 14,2002, [entry No. # 49]. On January 2, 2002, the government moved for a continuance again. [entry No. # 50]. Mr.Weaver opposed this continuance, and counsel made an appearance on behalf of Mr. Weaver on January 14, 2002.

Appearently, this Court granted the government's request to continue trial, and re-scheduled this case to be heard on January 28, 2002. Once again, the government filed for a continuance, and the Court granted said continuance, moving the case now till March 4, 2002. Mr. Weaver now brings this motion to dismiss the indictment with prejudice, pursuant to 18 U.S.C. § 3162(a)(2).

## "EXCLUDABLE TIME"

Mr. Weaver asserts that in the instant case, he has been detained "without bond" since May 4, 2001, in which Mr. Weaver made his initial appearance and was presented with an "alleged true bill" indictment, charging Mr. Weaver with one count of assault on a Federal Officer, in violation of 18 U.S.C. § 111(a)(1). The Court currently has the case scheduled for trial on March 4, 2002, therefore, the amount of time Mr. Weaver has been detained without bond, is a total of 303 days, come the date of trial.

In the instant case, Mr. Weaver claims that the following motions would fall under the "excludable time" period, when tolling the defendant's right to a speedy trial, 18 U.S.C. § 3161(h)(1)(F), see Henderson v. United States, 476 U.S. @ 329,

106 S.Ct. @ 1876. See also, United States v. Santoyo, 890 F.2d 726, 728 (5th Cir. 1989)(Time following filing of motion in limine excludabl under section(F)).

(A). On September 25, 2001, counsel for Mr. Weaver filed a motion on behalf of Mr. Weaver In Limine, regarding evidence[entry No.# 37]. The record is void of any ruling on this motion, and the Court may be treating such motion as a "James" motion, to be ruled on at trial.

Pursuant to 18 U.S.C. § 3161(h)(1)(J), the amount of excludable time can not exceed thirty-days. Therefore, thirty-days may be exclidable here, pursuant to 18 U.S.C. § 3161 (h)(1)(F).

(B). On September 21, 2001, Mr. Weaver filed a motion to have court appointed counsel Scott W. Sakin removed from case, and to move the Court to allow Mr. Weaver to proceed pro se. [entry No.# 34]. The Court, Honorable Magistrate Snow heard this motion on September 25, 2001 [entry No. # 38], and denied Mr. Weaver's motion. The United States District Court Judge, Honorable Norman C. Roettger adopted the magistrate's recommendation, and issued the order denying Mr. Weaver's motion to dismiss court appointed counsel on September 28, 2001 [entry No. # 42]. Therefore, seven-days may be excludable here pursuant to 18 U.S.C. § 3161(c)(1).

(C). On June 25, 2001, counsel, on behalf of Mr. Weaver filed a motion to re-open detention hearing pursuant to 18 U.S.C. § 3142 [entry No.# 19]. Honorable Magistrate Judge B. Seltzer denied motion without holding any hearing on June 29, 2001 [entry No. # 20]. Therefore, since no hearing was required, no time should be excludable, pursuant to 18 U.S.C. § 3161(h)(1)(J).

(D). The motions filed by the defendant, either pro se or ex parte are not excludable due to the fact that the Court refused to give the defendant hybridge representation, and dismissed all the motions filed by Mr. Weaver pursuant to Local Rule 11, stating that if counsel so chose to raise Mr. Weaver's motion then the Court would consider them. Therefore, since no of Mr. Weaver's motions required or

received any hearing, the Court is prevented from excluding any time under the speedy trial act.

Therefore, the time excludable to Mr. Weaver for motions and or continuances caused by him is approximately Sixty-Seven days. With that being the case, that would leave Two-Hundred and Thirty-Six days that would toll against the Speedy Trial Act, thereby violating Mr. Weaver's right to a Speedy Trial.

**WHEREFORE,** the defendant, Mr. Weaver respectfully prays that this Honorable Court, after calculation of time excludable to the speedy trail act, grant that Mr. Weaver's statutory and constitutional rights have been violated, and that the Court dismiss the indictment with prejudice in the present case. Additionally, Mr. Weaver would also move the Court to consider his previously filed motion to dismiss, due to the issue of Pre-Indictment Delay.

Dated this 23rd day of February, 2002.

Respectfully Submitted,

Randy Anthony Weaver
Defendant/Ex parte

cc: RAW/file
    Scott W. Sakin, P.A.