UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 01-6069-CR-ROETTGER

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) |
| RANDY WEAVER, | ) |
| | ) |
| Defendant. | ) |

The United States of America, by and through the undersigned Assistant United States Attorney for the Southern District of Florida, hereby files this response to the Defendant's Motion to Dismiss the Indictment and shows the same should be denied for the following reason:

I.   THE DEFENDANT'S RIGHTS UNDER THE SPEEDY TRIAL ACT HAVE NOT BEEN VIOLATED.

WHEREFORE, for the foregoing reason, the United States of America respectfully requests that the defendant's motion to dismiss the indictment be denied.

**ARGUMENT**

I.   THE DEFENDANT'S RIGHTS UNDER THE SPEEDY TRIAL ACT HAVE NOT BEEN VIOLATED.

The Speedy Trial Act sets forth a seventy-day time limit for trial, from the later of the indictment's filing date or the date defendant first appears before a judicial officer to, generally, jury voir dire. Title 18, United States Code., Section 3161(c)(1); United States v. Scaife, 749 F.2d 338, 343 (6th Cir.1984). Excluded from the applicable period are delays due to pretrial motions, Title 18, United States Code., Section 3161(h)(1)(F), and delays resulting from continuances granted by the



court if the "ends of justice" served by the continuance outweigh the best interests of the public and the defendant in a speedy trial. Title 18, United States Code., Section 3161(h)(8)(A).

The defendant was indicted on April 3, 2001. The defendant first appeared before this Court on May 4, 2001. Since then proceedings have occurred resulting in excludable time under Title 18, United States Code, Section 3161(h):

| | MOTION OR PROCEEDING | DATE OF FILING OR PROCEEDING | DATE OF ORDER | EXCLUDABLE TIME |
|---|---|---|---|---|
| 1. | Arraignment | 5/8/01 | | 1 day |
| 2. | Motion to Compel FDC | 6/1/01 | withdrawn 7/27/01 | 57 days |
| 3. | Motion to Reopen PTD | 6/25/01 | 6/29/01 | 4 days |
| 4. | Appeal Denial of Reopen PTD | 7/23/01 | 10/09/01 | 78 days |
| 5. | Motion to Discharge Attorney | 9/21/01 | 10/1/01[1] | 10 days |
| 6. | Motion In Limine | 9/25/01 | Pending | To Present |
| 7. | Continuances: | 7/11/01 | | To Present |
| | Joint Motion | 7/11/01 | 7/11/01 | To Present |
| | Court Emergency | 10/1/01 | 10/1/01 | To Present |
| | Government Motion | 1/2/02 | 1/15/02 | To Present |
| | Government Emergency Motion | 1/23/02 | 1/28/02 | To Present |
| | Government Motion | 2/25/02 | 4/18/02 | To Present |

Consequently, 26 non-excludable days have elapsed since the initial appearance of the defendant.

The defendant's right to a speedy trial has not been violated. A motion in limine filed by defense counsel on behalf of Weaver has been pending since September 24, 2001. The time

---

[1]This Court also on October 1, 2001 dismissed without prejudice five (5) *pro se* motions filed by the defendant between July 23, 2001 and September 26, 2001. For Speedy Trial Act computations, the defendant's *pro se* motions have not been considered as the defendant's request for hybrid representation was denied by this Court.

following the filing of a motion in limine is excludable from the calculation of a speedy trial time period under Title 18, United States Code, Section 3161(h)(1)(F) which excludes delays attributable to pretrial motions for the time reasonable to dispose of the motion. United States v. Santoyo, 890 F.2d 726, 728 (5th Cir. 1989). Therefore, contrary to the pro se defendant's motion, a 30-day excludable time limitation has not attached as this matter is not ripe for adjudication because a hearing where the parties can advocate their respective positions has yet to be held. "Pending motions will toll the trial clock indefinitely; there is no independent requirement that the delay attributable to the motions be reasonable." United States v. Welch, 810 F.2d 485, 488 (5th Cir.1987), *cert. denied*, 484 U.S. 955, 108 S.Ct. 350, 98 L.Ed.2d 376 (1987); Henderson v. United States, 476 U.S. 321, 106 S.Ct. 1871, 1876, 90 L.Ed.2d 299 (1986)." United States v. Kington, 875 F.2d 1091, 1109 (5th Cir.), *reh'g and reh'g en banc denied*, 878 F.2d 815 (1989). The Speedy Trial Act was and has been tolled by the defendant filing said motion in limine.

In addition, the trial has been continued five (5) times since the original trial date of July 24, 2001 because defense counsel's prepaid vacation conflicted with the first trial date, the court had an emergency that prevented the trial from beginning on October 1, 2001, and a witness indispensable to the government proving its case was at mandatory training and then injured at the same in a work-related accident that required surgery and extensive physical therapy for complete rehabilitation causing him to be unavailable the past two dates this case has been set to start trial. Vacations[2],

---

[2]Morton v. Haynes, 332 F.Supp 890, 893 (ED Mo. 1971)(Delay in the commencement of the [defendant's] trial because the prosecutions's fingerprint expert was on vacation and would not be able to appear if trial was held as scheduled and because the prosecuting attorney had been injured in an automobile accident was not for unjustified or unreasonable causes).

training[3], and unforeseen emergencies[4] are permissible grounds for delaying a trial and tolling time under the Speedy Trial Act.

In <u>United States v. Ewell</u>, 383 U.S. 116 (1966), the Supreme Court held:

> We cannot agree that the passage of 19 months between the original arrests and the hearings on the later indictments itself demonstrates a violation of the Sixth Amendment's guarantee of a speedy trial.' The guarantee ' is an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself. However, the ordinary procedures for criminal prosecution are designed to move at a deliberate pace. A requirement of unreasonable speed would have a deleterious effect both upon the rights of the accused and upon the ability of society to protect itself.

<u>Id.</u>, at 120.

Then, quoting from earlier cases, the Supreme Court ruled:

> The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice. Whether delay in completing a prosecution . . . amounts to an unconstitutional deprivation of rights depends upon the circumstances . . . The delay must not be purposeful or oppressive. The essential ingredient is orderly expedition and not more speed.

<u>Id.</u>

This Court's prior orders granting a continuance of the trial were reasonable and justified under the circumstances and do not constitute a deprivation of the defendant's right to a speedy trial.

WHEREFORE, for the foregoing reasons, the United States of America respectfully requests

---

[3] <u>United States v. Robinson</u>, 1996 WL 732297 (6th Cir. 1996).

[4] <u>United States v. Skillman</u>, 442 F.2d 542, 557 (8th Cir. 1971)(Twenty month delay between indictment and trial did not violate the defendant's constitutional right to a speedy trial where no mention was made of evidence lost by the lapse of time [and the] only delay occasioned by the prosecution resulted from an injury to the prosecuting attorney, defendant filed numerous motions during such period.)

4

that this Court issue an order denying the defendant's motion to dismiss the indictment.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY
Court No. A5500077
500 East Broward Boulevard, Suite 700
Fort Lauderdale, FL 33394
Tel: (954) 356-7255
Fax: (954) 356-7336

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on June 6, 2002, to Scott W. Sakin, Esq. 1411 N.W. North River Drive, Miami, FL. 33125.

_____
DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY