UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,     CASE NO. 01-6069-Cr-ROETTGER

PLAINTIFF,

V.

RANDY WEAVER,

DEFENDANT.

_____/



## POSITION OF DEFENDANT WEAVER WITH RESPECT TO SENTENCING FACTORS

DEFENDANT, RANDY WEAVER, through undersigned counsel, files this Position with Respect to Sentencing Factors as follows:

1. The Defendant re-asserts that the crime of conviction and that charge by the Grand Jury in the indictment is a misdemeanor in 18 U.S.C. § 111(a)(1), a Class A misdemeanor punishable by no more than one (1) year in prison. The indictment alleges no facts that elevate this charge to a felony.

2. The detainer from Greenville South Carolina Docket #99-GS23-1363 was dismissed. This is confirmed by Paragraph 52 of the Pre-Sentencing Investigation Report which reflects the docket #99-GS23-1363, the charge of assault and battery on a police officer from Greenville County Court is dismissed. It has been further communicated by the federal detention center that the detainer had also been withdrawn.

3. Defendant disputes as alleged in Paragraph 6 of the Pre-Sentence Investigation Report that he ever discussed threats with fellow inmates at the Atlanta penitentiary in Georgia. Defendant requests that Paragraph 6 of the Pre-Sentencing Investigation Report be stricken.

4. Defendant asserts that in Paragraphs 31, 32, 33, and 34 that he received a disposition of adjournment with contemplation of dismissal. This diversion from the judicial process without a finding of guilt. Thus, there being no finding or admission of guilt these matters should not be counted as a conviction pursuant to Section 4A1.2(f).

5. Paragraph 36 of the Pre-Sentence Investigation Report reflects that in Docket # 92060394, the unauthorized use of a motor vehicle the Defendant received a conditional discharge. Pursuant to the Defendant's earlier the Pre-Sentencing Investigation Report from the South Carolina case this was construed under Section 4A1.2(f) as a diversionary disposition and was not counted.

6. Defendant's criminal history computation should be a criminal history category of three (3) with offense level nine (9) resulting in a sentencing range of eight to fourteen (8-14) months.

**WHEREFORE**, Defendant respectfully moves this Court sentence him to less than twelve (12) months prison and to correct the Pre-Sentence

Investigation Report as stated above.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed to **Donald Chase, Esq.**, Assistant United States Attorney, 500 E. Broward Boulevard, 7th Floor, Fort Lauderdale, Florida 33394-3002, and **Donna R. Wilmont,** U.S. Probation Officer, 299 East Broward Blvd., Room 409, Ft. Lauderdale, Florida 33301-1168 on this **16th** day of August, 2002.

Respectfully submitted:

SCOTT W. SAKIN, P.A.
Counsel for Defendant Weaver
1411 N.W. North River Drive
Miami, Florida 33125
Tel. No. (305) 545-0007
Fla. Bar No. 349089

By: _____
Scott W. Sakin, Esq.