

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Northen Division

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RANDY ANTHONY WEAVER,

    Defendant.

_____/

CASE NO. 01-6069-CR-ROETTGER

Magistrate Judge Snow

DEFENDANT'S MOTION FOR
APPROVAL OF REQUEST FOR
TRANSCRIPTS OF TRIAL,
INCLUDING VOIR DIRE,
OPENING STATEMENTS, AND
CLOSING ARGUMENTS, AT
GOVERNMENT EXPENSE

      The defendant RANDY ANTHONY WEAVER, who has been convicted and sentenced in this case, and who has filed a notice of appeal from the judgment of conviction and sentence, respectfully asks this Court to authorize payment by the government, and under the Criminal Justice Act, 18 U.S.C. §3006A, for the costs of the preparation of a transcript of the trial in this case, *including the voir dire, opening statements, and closing arguments*, and the costs of the provision of a copy of that transcript to the attorney filing this motion, who has been appointed as counsel for the defendant, under the Criminal Justice Act, for the purpose of the defendant's pending appeal. In support of this motion, Mr. Weaver submits the following.



This is a criminal case.  Mr. Weaver was charged in the indictment (DE 1) with violating 18 U.S.C. §111(a)(1) by assaulting, resisting, or otherwise interfering with a deputy of the United States Marshal's Service, while that deputy was engaged in his official duties.  Mr. Weaver was found guilty by a jury (DE 66) and sentenced by this Court.  (DE 71).  This Court has entered a judgment (DE 73) confirming Mr. Weaver's conviction and sentence, and Mr. Weaver has filed a timely notice of appeal (DE 74) from that judgment.  As of the date of service of this motion, that appeal is still pending in the Court of Appeals, as that Court's case number 02-14883-F.

On September 23, 2002, this Court entered an order (DE 77) appointing the attorney who has filed this motion as counsel for Mr. Weaver's pending appeal, under the Criminal Justice Act. On October 8, 2002, this attorney submitted (1) a transcript order form to order the transcript of the trial held in this case, including the transcript of the voir dire, the opening statements, and the closing argument, and a CJA voucher (form 24) asking this Court to approve payment for the cost of that transcript by the government, and under the Criminal Justice Act.   On the date of service of this motion, the attorney filing this motion was informed by the court reporter who recorded the trial proceedings that this Court wished this attorney to file a motion asking this Court to authorize payment by the government

-2-

of the cost of the transcript, and explaining why the defendant was asking this Court to authorize payment by the government of the cost of the transcript of the voir dire, the opening statements, and the closing arguments.

The attorney filing this motion has ordered the transcript of the full trial, including the voir dire, the opening statements, and the closing arguments, because (1) the attorney filing this motion has been appointed by this Court to represent Mr. Weaver in his pending appeal from his conviction and sentence in this case, and (2) in order to effectively and properly represent Mr. Weaver in that pending appeal, this attorney must review the full transcript of the trial, including the voir dire, the opening statements, and the closing argument, because this attorney did not represent Mr. Weaver during that trial, or otherwise participate in or attend any portion of that trial.

The attorney filing this motion is aware that meritorious arguments in a criminal appeal are not often based on events that occur during voir dire, opening statements, or closing arguments, and that the form (CJA form 24) used to request authorization for the payment by the government of the costs of a transcript requires specific approval by a judicial officer of any request for payment by the government of the costs of a transcript of any of these portions of a trial. However, a document prepared by the Staff Attorney's office of the Court of

-3-

Appeals for this Circuit, at the request of the Court of Appeals and for use as a guide for counsel appearing before the Court of Appeals, states any attorney who moves to withdraw as counsel for a defendant in a criminal appeal, pursuant to Anders v. California, 386 U.S. 738 (1967) "must review the *entire* record of a trial before moving to withdraw from an appeal," and that, if a trial was held, the "entire record" includes the transcript of *all* trial proceedings, including the opening statements and closing arguments. (A copy of this document is attached to this motion.) In a previous appeal, unrelated to this case, the attorney filing this motion filed a motion for leave to withdraw as counsel pursuant to Anders v. California, and the Court of Appeals denied that motion, because this attorney had not ordered or read a copy of the transcript of the voir dire proceedings in that case.

The attorney filing this motion has not filed any motion for leave to withdraw as counsel for Mr. Weaver in Mr. Weaver's pending appeal, and the attorney filing this motion does not intend or expect, at this time, to file any such motion in Mr. Weaver's pending appeal. However, the attorney filing this motion cannot tell, at this time, whether he might *eventually* file a motion for leave to withdraw as counsel for Mr. Weaver, pursuant to Anders v. California. As stated in the document prepared by the Staff Attorney's office of the Court of Appeals,

-4-

the attorney filing this motion cannot make such a determination until after he has

received and reviewed a copy of the transcript of the *full* trial proceedings,

including the voir dire, the opening statements, and the closing arguments, and the

attorney filing this motion has not received any copy of that transcript yet.

The attorney filing this motion recognizes that an argument could be made

that he should start his work in this case by ordering only the transcript of the

"main" portion of the trial (i.e, that not including the voir dire, the opening

statements, or the closing arguments) which does not require any special

authorization, and that he should not order the transcript of any of these "special"

portions of the trial (at least not at the expense of the government) until after this

attorney determines that he needs those other portions, because he could not find

any grounds for any meritorious argument in the "main" portion of the trial.  The

premise of this argument would be that if the attorney filing this motion did find

some basis for some meritorious argument in the "main" portion of the trial, then

this attorney could avoid the need for the transcript of the "special" portions of the

trial, and avoid requiring the government to pay for that.

This argument would be specious, however.  If some grounds for a

meritorious argument can be found in any of the "special" portions of the trial, i.e.,

the voir dire, the opening statements, and the closing arguments, an attorney is not

relieved of his obligation to look for those grounds and present that argument just because the attorney has found grounds for some *other* argument in the "main" portion of the trial.  If — as the document prepared by the Staff Attorney's office at the Court of Appeals states — a review of the transcript of the "special" portions of a trial is necessary for effective representation by any attorney who moves to withdraw as counsel pursuant to <u>Anders v. California</u>, then a review of these portions of the trial is *also* necessary in any other case, at least where the attorney representing the defendant in the appeal was not counsel in or otherwise present at the trial, and therefore has no independent knowledge of what happened in those "special" portions of the trial.

For these reasons, the defendant Randy Anthony Weaver respectfully asks this Court to authorize payment by the government of the costs of the transcript of the trial, including the voir dire, the opening statements, and the closing arguments, as requested by the attorney filing this motion.

Mark Graham Hanson
Florida Bar No. 342882
2530 S.W. Third Ave. — Suite 102
Miami, FL 33129-2034
Telephone (305) 285-0816

Attorney for Defendant

-6-

June 15, 1992

### A Guide to Anders Requirements in the United States Court of Appeals for the Eleventh Circuit*
### (When counsel in a criminal action seeks to withdraw)

The Sixth Amendment guarantees to all criminal defendants the right to effective assistance of counsel on the first appeal as a matter of right whether that counsel was court-appointed or privately retained. Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). At times, attorneys may find a conflict between the obligation to provide effective assistance and the ethical duty not to file frivolous claims.

An attorney who believes his client's appeal is frivolous may seek an order from the Court to withdraw from representation and have a successor attorney appointed. (See 11th Cir. R. 46-1(d)(1)). Both retained and appointed attorneys in this Circuit must follow the procedures set forth by the Supreme Court in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). These procedures are designed both to aid the appellate court in "determining whether appointed counsel have fully performed their duty to support their client's appeal to the best of their ability" and also to aid the court in making "the critical determination whether the appeal is so frivolous that counsel should be permitted to withdraw." Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 351, 102 L.Ed.2d 300 (1988).

Anders provides that the attorney who, after conscientious examination of the entire record and adequate legal research, determines that his client's appeal is "wholly frivolous" and therefore seeks to withdraw, must nevertheless remain in "the role of an active advocate on behalf of his client." 87 S.Ct. at 1400. The counsel who finds the appeal to be wholly frivolous must advise the court and request permission to withdraw. Id. Counsel must accompany the motion to withdraw with a brief "referring to anything in the record that might arguably support the appeal." Id. That is, counsel must accompany a motion to withdraw with a brief which "sets out any irregularities in the trial process or other potential errors which, although in his judgment not a basis for appellate relief, might, in the judgment of his client or another court, be arguably meritorious." United States v. Blackwell, 767 F.2d 1486, 1487 (11th Cir. 1985) (emphasis in original).

The brief must also isolate the pages of the record relevant to those arguably meritorious points and cite appropriate, relevant legal authority. United States v. Edwards, 822 F.2d 1012, 1013 (11th Cir. 1987). The client must be furnished with a copy of the brief and be allowed to raise any claims he deems appropriate. See Anders, 87 S.Ct. at 1400. Upon receipt of a motion by counsel to withdraw and an Anders brief, the Clerk's office notifies the defendant that he has an opportunity to respond and to file his own appellate brief. The appellate court then determines, after independent examination of the record, whether the case is indeed frivolous. Id. A brief which merely concludes that no error is present on the record is no better than the "no merit letter"

condemned in Blackw, ___, and is therefore whol ¹nadequate.   A
brief which does identify potentially arguable points but does not
cite to the record and to relevant legal authority is likewise
inadequate. See Anders, 87 S.Ct. at 1401.

Anders requires the attorney to review the entire record of a
trial before moving to withdraw from an appeal.   Therefore the
attorney must obtain transcription of the entire record of the
client's case. See Penson, 109 S.Ct. at 350.   The Court Reporters
Act, 28 U.S.C. § 753(b), requires that a verbatim transcript be
made of all proceedings in criminal cases had in open court.
United States v. Taylor, 607 F.2d 153, 154 (5th Cir. 1979).   The
entire  record  includes  all  pre-trial  proceedings,  such  as
suppression and Jackson v. Denno hearings, Rule 11 hearings and
other plea proceedings, if conviction was entered after a guilty
plea, and, if a trial was held, all trial proceedings, including
opening and closing arguments and jury instructions. United States
v. Selva, 559 F.2d 1303, 1305 (5th Cir. 1977).

Even though an appellate attorney who also represented the
defendant  at  trial  may  be  familiar  enough  with  the  trial
proceedings to determine that there are no arguable issues for
appeal without reviewing a complete set of transcripts, this Court
cannot review the case without the complete record.   See United
States v. Clark, 944 F.2d 803, 804 (11th Cir. 1991).   Therefore,
attorneys in this position are not exempt from the requirement that
the  entire  record  of  the  trial  be  transcribed  and  that  the
transcripts be included in the record on appeal.

An attorney seeking to withdraw pursuant to Anders is not
relieved of any of the duties imposed upon an attorney prosecuting
an appeal on its merits.   To the contrary, the type of review which
must be undertaken by an attorney invoking Anders is as exacting,
exhaustive, and detailed as that performed in a merits appeal.   An
Anders brief must identify every conceivably arguable point which
is apparent from the record and provide "ready references not only
to the record, but also to legal authorities." Anders, 87 S.Ct. at
1400.

* This guide has been prepared by the Staff Attorneys' Office, U.S.
Court of Appeals, Eleventh Circuit, at the Court's request, for use
by appellants and counsel appearing before the Court.   The guide is
not exhaustive of the relevant case law.   Interested parties should
review  the  cases  carefully  and  shepardize  the  citations
periodically.

The distribution of this guide has been approved by the Court,
but this approval should not be construed as an adjudicative
approval  of  its  content,  which  must  await  case-by-case
consideration by the Court.

CERTIFICATE OF SERVICE

I certify that the original of this motion was mailed by first-class mail on October 28, 2002, to the Clerk of this Court, at the United States Courthouse, at 299 East Broward Boulevard, Fort Lauderdale, FL 33301, and that a copy of this motion was mailed on that same date to the Appellate Division of the U.S. Attorney's office, at 99 N.E. Fourth Street, Miami, FL 33132-2111.

Mark Graham Hanson